107 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Derek J. BLOODWORTH, Plaintiff-Appellant,
v.
James GOMEZ, Warden, Vacaville Correctional Facility;
California Department of Corrections, Defendants-Appellees.
 No. 95-56715.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California State prisoner Derek J. Bloodworth appeals the district court's grant of summary judgment in favor of James H. Gomez, Director, California Department of Corrections. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Bloodworth was convicted of receipt of stolen goods in Los Angeles Superior Court and was sentenced to three years imprisonment. Because he had accrued "custody credits" in excess of his sentence, upon sentencing he was released immediately to a three year parole term.
 
 
 4
 Bloodworth contends in this 42 U.S.C. § 1983 action that Gomez incorrectly applied the excess custody credits he had received prior to his conviction. But for this incorrect application of California law, he argues, he would not have been on, and thus could not have violated, parole on June 26, 1992.
 
 II
 
 5
 We review de novo the district court's grant of summary judgment. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996).
 
 
 6
 It is well settled that § 1983 does not impose vicarious liability. Rather, liability may be imposed "only on those who ' "shall subject, or cause to be subjected, any person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States." ' " Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir.1993) (quoting Monell v. Department of Social Services, 436 U.S. 658, 691-92 (1978) (quoting 17 Stat. 13)) (emphasis in Monell ).
 
 
 7
 Bloodworth adduced no evidence that Gomez participated in the calculation or application of custody credits to his parole term. He contends that because he appealed his dispute to the third level of inmate administrative appeals--the "Director's Review"--then Gomez must be liable. However, he also concedes that the matter actually was handled by subordinates in the Department. Because there is no evidence of personal participation or knowledge on the part of Gomez, and because there is no vicarious liability under § 1983, summary judgment was appropriate.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3